UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 3:20-cr-104

vs.

BRANDON L. HARRISON,               District Judge Michael J. Newman

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCING TRANSCRIPT PURSUANT TO THE CRIMINAL JUSTICE ACT (Doc. No. 44)**

---

    Defendant Benjamin L. Harrison previously pled guilty, and the Court accepted his guilty plea, to one count of being a felon in possession of a firearm. Doc. No. 29. The case is before the Court upon Defendant's *pro se* motion for a sentencing transcript pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. Defendant explains he would like to file a post-conviction pleading and needs a copy of his sentencing transcript, without prepayment of fees, "in order to perfect such a pleading[.]" Doc. No. 29 at PageID 179-80.

    Defendant did not file a notice of appeal and the time for doing so has passed. See Fed. R. App. P. 4(b)(1)(A)(i) ("[A] defendant's notice of appeal must be filed in the district court within 14 days after the later of … the entry of either the judgment or the order being appealed …"). Because he did not pursue a direct appeal, and construing his *pro se* motion liberally in his favor, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), his intention to seek post-conviction relief would proceed under 28 U.S.C. § 2255 in a motion to vacate, set aside, or correct his sentence. "Fees for transcripts furnished in proceedings brought under section 2255 … to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is

not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Defendant has not presented argument or information about any issue he seeks to raise in a § 2255 motion or whether any such issue is, or is not, frivolous. *See* Doc. No. 29 at 179-80. In addition, Defendant "does not have a right to a transcript at government expense under … § 753(f) in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255."[1] *United States v. Alcorn*, 10 Fed. App'x 248, 248 (6th Cir. 2001); *see United States v. Cook*, 3 Fed. App'x 449, 451 (6th Cir. 2001); *see also Silvers v. United States*, No. 1:09-cv-134, 2010 WL 1491955, at *2 (E.D. Tenn. 2010) ("There is no right to a transcript until after a nonfrivolous § 2255 motion is filed") (collecting cases).

Consequently, the Court **DENIES** Defendant's motion for a copy of his sentencing transcript without cost or fees.

**IT IS SO ORDERED.**

October 29, 2024                                       s/*Michael J. Newman*
                                                       Hon. Michael J. Newman
                                                       United States District Judge

---

[1] "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). In the event Defendant intends to pursue such an appeal, he has not presented any ground for determining whether the appeal is, or is not, frivolous.